NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**17-993**

**STATE OF LOUISIANA**

**VERSUS**

**MARK WILL HAYES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 324,276
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**J. Phillip Terrell, Jr.**
**District Attorney**
**Catherine L. Davidson**
**Assistant District Attorney**
**Post Office Drawer 1472**
**Alexandria, Louisiana  71309**
**(318) 473-6650**
**Counsel for Appellee:**
      **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
      **Mark Will Hayes**

**KEATY, Judge.**

Defendant, Mark Will Hayes, appeals the trial court's conviction and sentence. For the following reasons, the trial court's judgment is affirmed with instructions.

## FACTS AND PROCEDURAL BACKGROUND

On February 13, 2015, Kiasha Clovis and Defendant's sister, Melissa Hayes, were involved in an altercation in an apartment that the two women shared in Alexandria. Melissa Hayes was in the process of moving out and was being assisted by her boyfriend, Devonte Davis, her sister, Myra Hayes, Mr. Davis's mother and sister, and Defendant. The Davises, along with Myra and Defendant, delivered some of Melissa's belongings to Myra's home when Myra received a telephone call indicating that Melissa was being threatened by Ms Clovis's boyfriend, Richard Prenell. The Davises drove back to the apartment with Defendant. Mr. Davis entered the apartment and found the Melissa and Ms. Clovis grappling, and Mr. Prenell prevented him from breaking up the fight. When Defendant entered the apartment with a pistol, Mr. Prenell tried to use Mr. Davis as a human shield, but Mr. Davis broke away, and Defendant shot Mr. Prenell multiple times. Defendant pointed the weapon at Mr. Davis, but Melissa shielded him. Defendant agreed to leave with Melissa and Myra, but when they were on the apartment stairs, Defendant expressed a desire to kill Ms. Clovis so that she could not be a witness. Defendant then went back up the stairs, and witnesses heard gunshots. Police officers who responded to the scene found Ms. Clovis and Mr. Prenell dead in the apartment as a result of gunshot wounds.

On April 30, 2015, the State filed a bill of indictment charging Defendant with two counts of second degree murder, violations of La.R.S. 14:30.1. Following a jury trial, which occurred on February 8 and 9, 2017, Defendant was

found guilty as charged. On February 22, 2017, the trial court sentenced Defendant to serve two concurrent life sentences. Defendant appeals.

In his sole assignment of error on appeal, Defendant contends that the evidence introduced at trial was insufficient to find him guilty of second degree murder.

## DISCUSSION

### I. Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error in the sentencing minutes. At sentencing, the trial court sentenced Defendant on each count of second degree murder to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence. The trial court ordered the two sentences to run concurrently. The minutes of sentencing, however, do not clearly reflect that two sentences were imposed:

> Court sentenced accused for MURDER 2. MURDER 2. Court sentenced accused to be committed to the Louisiana Department of Corrections. Court sentences the defendant to LIFE IN PRISON. Sentence is to be served at Hard Labor. Sentence is to run concurrent. Sentence to be without benefit of parole. Sentence is to be without benefit of Probation. Sentence is to be without benefit of Suspension of Sentence. Court designates this charge as a Crime of Violence.

"[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, the trial court is ordered to correct the sentencing minutes to accurately reflect the two sentences imposed.

2

## II.    Assignment of Error

In his sole assignment of error, Defendant contends that the evidence adduced at trial supported the lesser verdict of manslaughter rather than second degree murder.

Manslaughter is defined by La.R.S. 14:31(A)(1), which states in pertinent part:

> A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection.  Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed[.]

Defendant cites a first circuit case which further explains:

> "Sudden passion" and "heat of blood" are not elements of the offense of manslaughter; rather, they are mitigatory factors in the nature of a defense which exhibit a degree of culpability less than that present when the homicide is committed without them. *State v. Lombard*, 486 So.2d 106, 110 (La.1986).  The state does not bear the burden of proving the absence of these mitigatory factors.  A defendant who establishes by a preponderance of the evidence that he acted in a "sudden passion" or "heat of blood" is entitled to a manslaughter verdict. *Lombard*, 486 So.2d at 111.  In reviewing the claim, this court must determine if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the mitigatory factors were not established by a preponderance of the evidence. *Lombard*, 486 So.2d at 111.

*State v. Tipton*, 95-2483, p. 9 (La.App. 1 Cir. 12/29/97), 705 So.2d 1142, 1148.

Defendant opines that the evidence supports a finding that he acted in sudden passion or heat of blood.  Although Defendant states that he did not have specific intent to kill the victims, he argues for manslaughter due to loss of composure.  According to Defendant, he snapped when he saw the victims beating his sister, which caused him to "act[] out of instinct to protect his own[.]"  We note that Defendant's argument depends largely upon the version of events he related to

3

another inmate while he was incarcerated. Darrell Brown, Jr. testified that while they were both jailed at Tallulah Correctional Center, Defendant stated that he had intervened when a man held his sister while a girl beat her. According to Mr. Brown, Defendant said "he just went off" and shot both people accosting his sister.

However, the majority of the trial testimony presented the scenario recounted hereinabove. Generally, the witnesses revealed that Defendant's sister, Melissa, was fighting with her female roommate, Ms. Clovis. Melissa's boyfriend, Mr. Davis, was restrained from intervening by Mr. Prenell, who was Ms. Clovis's boyfriend and also lived in the apartment. Defendant entered the apartment with a handgun, apparently thinking that Mr. Prenell was also directly involved in the fight. Although that was not the case, Defendant shot Mr. Prenell multiple times and killed him. After leaving the apartment, Defendant re-entered it for the purpose of killing Ms. Clovis. Regarding this description of events, the testimony of Melissa was in agreement with the testimony of Mr. Davis. Lakeisha Swafford, a friend of Melissa, described the same general scenario but did not witness the shootings. "It is well-settled that a jury is free to believe some, none, or all of any witness's testimony." *State v. Perkins*, 11-955, p. 10 (La.App. 3 Cir. 3/7/12), 85 So.3d 810, 817.

The jury apparently believed the version of events presented through Mr. Davis's testimony, who testified that Mr. Prenell was not participating in the altercation when Defendant entered. Mr. Davis further testified that after he, Melissa, and Defendant left the apartment, Defendant re-entered to kill Ms. Clovis. We find that the evidence adduced at trial did not establish passion or heat of blood as mitigatory factors. The killing of Ms. Clovis was clearly a calculated move. As

4

for Mr. Prenell, even if Defendant drove to the apartment thinking that Mr. Prenell was beating his sister, once he entered the room, it was clear that Mr. Prenell was not an active participant in the fight. We note that in *Tipton*, 705 So.2d 1142, the first circuit rejected the defendant's manslaughter claim and affirmed his second degree murder conviction after he killed the victim to avenge an assault on the defendant's sister.

For the reasons discussed, this assignment of error lacks merit.

## DISPOSITION

The trial court's conviction and sentence are affirmed. The trial court is ordered to correct the sentencing minutes to accurately reflect the two sentences imposed by the trial court at sentencing.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.